UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06439 DSR Date: November 9, 2026

Title ZEHUA CHEN, ET AL. V. WARDEN, ET AL.

Present: The Honorable: Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER DEEMING PETITIONERS' REPLY AS AMENDMENT TO PETITION AND ORDERING SUPPLEMENTAL ANSWER THERETO**

On October 30, 2026, Petitioners Zehua Chen and Lulu He, a married couple and parents of two minor children, filed their Petition for Writ of Habeas Corpus challenging their ongoing immigration detention following their arrests on October 26, 2026. See Doc. No. 1. They raise several arguments in their Petition for habeas release: (a) they are detained pursuant to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), and are therefore not subject to mandatory detention; (b) their respective immigration arrests were not supported by a warrant and there were no facts supporting a risk of imminent escape before obtaining a warrant; (c) because their arrests were warrantless, a custody determination was required within 48 hours, which has not occurred; (d) a challenge to the custody determination under 1226(a) regardless of whether there was a warrant; and (e) a "constitutional claim concern[ing] continuing confinement without a legally sufficient basis and meaningful application of the safeguards governing that confinement." Id. Petitioners request a writ compelling their immediate release from immigration custody, and expedited consideration of their Petition. Id. Concurrently with filing their Petition, Petitioners also voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. No. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06439 DSR Date: November 9, 2026

Title ZEHUA CHEN, ET AL. V. WARDEN, ET AL.

The Petition was served on Respondents on October 30, 2026, pursuant to General Order 26-05, along with Notice of that General Order and its expedited briefing schedule applicable to immigration-related habeas matters. See Doc. No. 6. Respondents filed a Notice of Appearance on November 4, 2026, and timely filed their Answer to the Petition on November 6th. See Doc. Nos. 7, 8. Respondents attach to their Answer copies of each Petitioner's Notice to Appear and DHS Warrant for Arrest. See Doc. No. 8-1 at ECF pp. 2-15.

On Saturday, November 7th, Petitioners filed their Reply to Respondents' Answer. See Doc. No. 9. They also that day filed an "Emergency Application to Expedite Final Habeas Adjudication [and] Alternate Request for Temporary Restraining Order." See Doc. No. 10. In both documents, Petitioners address the DHS Warrants and Notices to Appear attached to Respondents' Answer and argue that Respondents have not offered documentation of an individualized post-arrest custody determination. Then, they offer an additional argument – that their arrest and detention violates their due process rights to pre-deprivation process. See Doc. No. 10 at 4:20-5:6; Doc. No. 9 at 15:14-19:18. Specifically, Petitioners argue that by living in the community for three years after entering on visas and applying for asylum prior to the expiration of those visas, they had a liberty interest in freedom from physical confinement notwithstanding the subsequent expiration of those visas, of which they could not be deprived without due process of law.

Petitioners did not assert such a due process claim in their Petition, however. Though they mention the Due Process Clause in that pleading, they do not raise any issue of a protected liberty interest arising from their visa entry and subsequent asylum applications. Respondents have not had an opportunity to address Petitioners' new argument that they were entitled to pre-deprivation notice and an opportunity to be heard. It is usually improper for a party to raise a new claim for the first time in a reply or traverse. See United States ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing Lujan v. National Wildlife Federation, 497 U.S. 871, 894-95 (1990)) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers); see also State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990) (permitting a party to raise a new argument for the first time in a reply "would be unfair to the Secretary, who has not had the advantage of briefing the issue. In declining to consider this argument, we follow '"[t]he general rule ... that appellants cannot raise a new issue for the first time in their reply briefs."'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06439 DSR Date: November 9, 2026

Title ZEHUA CHEN, ET AL. V. WARDEN, ET AL.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), applicable here pursuant to 28 U.S.C. § 2242, however, a party may amend its pleading once as a matter of course no later than 21 days after serving it or 21 days after service of a responsive pleading. In light of the urgency of this case arising from the unrebutted fact that Petitioners' minor children were left in the temporary care of their landlord after Petitioners were arrested while the children were at school, rather than requiring Petitioners to file a separate First Amended Petition to raise their new due process claim, the Court will consider the new due process argument raised for the first time in Petitioners' Reply as an amendment to their Petition.

Respondents are entitled to an opportunity to respond to that new claim, however. Accordingly, Respondents may file a Supplemental Answer to address Petitioners' new due process claim (Part III of their Reply) no later than Friday, November 13, 2026. Petitioners may file a response to that Supplemental Answer – addressing only Respondents' argument in that Supplemental Answer – no later than Tuesday, November 17. The Court will then take the case under submission upon the earlier of the filing of the expiration of the time for Petitioners' response to the Supplemental Answer or the expiration of the time to file such document.

**IT IS SO ORDERED.**

:

**Initials of Preparer** LK